UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARK ANTHONY RIVERS,
*Defendant-Appellant.*

No. 02-4097

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-01-559)

Submitted: August 5, 2002

Decided: September 4, 2002

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Bradley D. Churdar, Charleston, South Carolina, for Appellant. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Mark Anthony Rivers pleaded guilty to one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841 (2000). The district court accepted his plea and sentenced him to a seventy-two month term of imprisonment. Rivers' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues presented in this appeal, but raising the questions of whether the district court should have sentenced Rivers for possession with intent to distribute powder cocaine rather than cocaine base and whether the federal magistrate judge erred by issuing a search warrant and an arrest warrant without a supporting affidavit. Rivers has elected to file a supplemental pro se brief alleging ineffective assistance of counsel and sentencing error. For the reasons that follow, we affirm.

First, Rivers claims error under *United States v. Rhynes*, 196 F.3d 201 (4th Cir.), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir.) (en banc), and *cert. denied*, 530 U.S. 1222 (2000), holding that where there is a general verdict on a count charging a conspiracy to violate 21 U.S.C. § 841 (2000) by distributing multiple controlled substances, the district court may not impose a sentence in excess of the statutory maximum for the least-punished object on which the conspiracy conviction could have been based. This contention is meritless. Although Rivers was indicted for distribution of both cocaine base and powder cocaine, his plea encompassed only possession with intent to distribute cocaine base, not powder cocaine.

Next, Rivers claims the magistrate judge should not have issued his search and arrest warrant without an accompanying affidavit. Rivers' claim is groundless. The record confirms that the federal magistrate judge issued search and arrest warrants for both co-defendant Kelon Hardin and Rivers only following review of a detailed affidavit executed by a federal law enforcement officer.

Finally, Rivers' claim of ineffective assistance is not cognizable on direct appeal because the record does not conclusively show that Rivers was denied effective assistance of counsel. *See United States v.*

*King*, 119 F.3d 290, 295 (4th Cir. 1997). Moreover, we reject his claim of sentencing error as baseless, as it merely expounds upon the *Rhynes* claim we have already denied.

We have reviewed the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*